## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| ICEUTICA PTY LTD and<br>IROKO PHARMACEUTICALS, LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>LUPIN LIMITED and LUPIN<br>PHARMACEUTICALS, INC.,<br><br>        Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

For their Complaint against Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively "Lupin"), Plaintiffs iCeutica Pty Ltd ("iCeutica") and Iroko Pharmaceuticals, LLC ("Iroko") (collectively "Plaintiffs"), by and through their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Patent No. 9,526,734 ("the '734 patent") under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., including §§ 271(e)(2) and 271(a), and for a declaratory judgment of infringement of the '734 patent under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271(a). Plaintiffs institute this action to enforce their patent rights covering VIVLODEX® brand Meloxicam capsules 5 mg and 10 mg that are approved in the United States by the U.S. Food and Drug Agency ("FDA") for the management of osteoarthritis pain.

1

## PARTIES

2.      Plaintiff iCeutica Pty Ltd is a company organized and existing under the laws of Australia with a principal place of business at Unit 2, 32 Mumford Place, Balcatta Western Australia 6021.

3.      Plaintiff Iroko Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at One Kew Place, 150 Rouse Boulevard, Philadelphia, PA, 19112.

4.      On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of India, with a registered office at Kalpataru Inspire, 3rd Floor, Off. Western Express Highway, Santacruz (East), Mumbai 400 055 India.

5.      On information and belief, Defendant Lupin Pharmaceuticals, Inc. ("LPI") is a corporation organized under the laws of the Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.

6.      On information and belief, LPI is a wholly-owned subsidiary of Lupin Limited. On information and belief, LPI is the United States marketing and sales agent for Lupin Limited, and is engaged in the sale and distribution of generic versions of branded pharmaceutical products, including those manufactured by Lupin Limited, in the United States, including in the State of Maryland, through its own systematic, continuous, constant and pervasive actions and through those of its agents.

7.      On information and belief, Lupin Limited is in the business of, among other things, developing, manufacturing, packaging, and selling generic versions of branded pharmaceutical products for the United States market, including in the State of Maryland, through its own systemic, continuous, constant and pervasive actions and through those of its

2

agents and operating subsidiaries, including its wholly-owned subsidiary, LPI.

8.     On information and belief, Lupin Limited has previously submitted to this Court's jurisdiction. *See e.g.*, *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612, D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437, D.I. 11 (D. Md. Jan. 12, 2016*)*; *Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956, D.I. 24 (D. Md. Sept. 8, 2015).

9.     On information and belief, Lupin Limited has purposefully availed itself of the jurisdiction of this Court by, *inter alia*, asserting counterclaims in lawsuits filed against it in this District. *See e.g.*, *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612, D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437, D.I. 11 (D. Md. Jan. 12, 2016*)*; *Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956, D.I. 24 (D. Md. Sept. 8, 2015).

10.    On information and belief, LPI has previously submitted to this Court's jurisdiction. *See e.g.*, *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612, D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437, D.I. 11 (D. Md. Jan. 12, 2016*)*; *Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956, D.I. 24 (D. Md. Sept. 8, 2015).

11.    On information and belief, LPI has purposefully availed itself of the jurisdiction of this Court by, *inter alia*, asserting counterclaims in lawsuits filed against it in this District. *See e.g., Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437 D.I. 11 (D. Md. Jan. 12, 2016*); Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015).

12.     On information and belief, LPI is a licensed drug wholesaler in Maryland.

13.     On information and belief, Lupin Limited and LPI have common officers and directors and have represented to the public that they are a unitary entity.

## JURISDICTION AND VENUE

14.     This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*., including §§ 271(e)(2) and 271(a), and 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

15.     This Court has personal jurisdiction over Lupin Limited by virtue of the fact that, *inter alia*, Lupin Limited has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs and has engaged in purposeful systematic and continuous contacts with the State of Maryland. This Court has personal jurisdiction over Lupin Limited for the additional reasons set forth in this Complaint.

16.     This Court has personal jurisdiction over Lupin Limited because, on information and belief, Lupin Limited regularly does business in Maryland and has engaged in a persistent course of purposeful conduct within Maryland by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Maryland, and/or by directly selling pharmaceutical products in Maryland. In its 2016 Annual Report Lupin notes that it is "the 5th largest pharmaceutical player in the U.S." and, through LPI, is "dedicated to delivering high-quality, branded and generic medicines trusted by healthcare professionals and patients across the U.S."

17.     This Court has personal jurisdiction over Lupin Limited because Lupin Limited

has previously been sued in this district and has not challenged personal jurisdiction, and Lupin Limited has affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this district. *See e.g., Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437 D.I. 11 (D. Md. Jan. 12, 2016); *Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015).

18.     This Court also has personal jurisdiction over Lupin Limited by virtue of, *inter alia*, the fact that it has availed itself of the rights and benefits of Maryland law, and has engaged in systematic, continuous, constant and pervasive contacts with the State. On information and belief, Lupin Limited has authorized distributors for its generics located in Maryland and derives substantial revenue from articles sold, used, and/or consumed in Maryland. In its 2016 Annual Report, Lupin acknowledges that, through LPI, it has a network of distributors to market its generic drugs in every state, including Maryland, because "LPI enjoys strong brand equity in the US wholesale and retail channels as a preferred supplier of quality generics." Lupin's generic drugs are included on Maryland's Preferred Drug List and are sold through various channels, including CVS Pharmacy, which has over 220 locations in the state of Maryland.

19.     This Court has personal jurisdiction over Lupin Limited because, on information and belief, Lupin Limited, acting in concert with LPI, has engaged in conduct that reliably predicts Maryland activities by Lupin. On information and belief, Lupin Limited, by acting in concert with LPI and submitting ANDA No. 209-487, has taken the significant step of applying to the FDA for approval to engage in future activities—including wrongful marketing of its generic drugs—that will be purposefully directed at Maryland.

20.     This Court has personal jurisdiction over LPI by virtue of the fact that, *inter alia*,

5

LPI has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs and has engaged in purposeful systematic and continuous contacts with the State of Maryland. This Court has personal jurisdiction over LPI for the additional reasons set forth in this Complaint.

21.     This Court has personal jurisdiction over LPI because, on information and belief, LPI regularly does business in Maryland and has engaged in a persistent course of purposeful conduct within Maryland by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Maryland, and/or by directly selling pharmaceutical products in Maryland. In its 2016 Annual Report Lupin notes that it is "the 5th largest pharmaceutical player in the U.S." and, through LPI, is "dedicated to delivering high-quality, branded and generic medicines trusted by healthcare professionals and patients across the U.S."

22.     This Court has personal jurisdiction over LPI because LPI has previously been sued in this district and has not challenged personal jurisdiction, and LPI has affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this district. *See e.g.*, *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612, D.I. 27 (D. Md. June 27, 2016); *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-003437, D.I. 11 (D. Md. Jan. 12, 2016*); Gilead Sciences, Inc. et al v. Lupin Pharmaceuticals, Inc. et al.*, No. 1:15-cv-01956, D.I. 24 (D. Md. Sept. 8, 2015).

23.     This Court also has personal jurisdiction over LPI by virtue of, *inter alia*, the fact that it has availed itself of the rights and benefits of Maryland law, and has engaged in systematic, continuous, constant and pervasive contacts with the State. LPI is a licensed drug

6

wholesaler in Maryland and has its principal place of business in Baltimore, Maryland. On information and belief, LPI, together with Lupin Limited, has authorized distributors for its generics located in Maryland and derives substantial revenue from articles sold, used, and/or consumed in Maryland. In its 2016 Annual Report, Lupin acknowledges that, through LPI, it has a network of distributors to market its generic drugs in every state, including Maryland, because "LPI enjoys strong brand equity in the US wholesale and retail channels as a preferred supplier of quality generics." Lupin's generic drugs are included on Maryland's Preferred Drug List and are sold through various channels, including CVS Pharmacy, which has over 220 locations in the state of Maryland.

24.     This Court has personal jurisdiction over LPI because, on information and belief, LPI, acting in concert with Lupin Limited, has engaged in conduct that reliably predicts Maryland activities by Lupin. On information and belief, LPI, by acting in concert with Lupin Limited and submitting ANDA No. 209-487, has taken the significant step of applying to the FDA for approval to engage in future activities—including wrongful marketing of its generic drugs—that will be purposefully directed at Maryland.

25.     On information and belief, LPI and Lupin Limited operate as an integrated business ultimately controlled by Lupin Limited. In its 2016 Annual Report, Lupin Limited acknowledged that LPI's "strong commercial capabilities in the U.S. market for generic drug products have made LPI a key contributor to Lupin Limited's growth."

26.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

27.     The '734 patent, entitled "Formulation of Meloxicam," issued on December 27, 2016 and names H. William Bosch as the inventor. A true and accurate copy of

the '734 patent is attached hereto as **Exhibit A**.

28.     iCeutica, as assignee, owns the entire right, title and interest in the '734 patent.

29.     Iroko is the exclusive licensee to the '734 patent in the United States.

30.     Collectively, Plaintiffs are in possession of all rights, title and interest in and to the '734 patent, including all rights to sue and recover for infringement thereof.

31.     Iroko is the holder of an approved New Drug Application ("NDA") No. 20-7233 for Meloxicam capsules 5 mg and 10 mg, sold under the VIVLODEX® registered trademark.

32.     In conjunction with that NDA, Iroko has listed with the FDA the '734 patent. The FDA has published the '734 patent in the Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book").

33.     VIVLODEX ® is covered by at least one claim of the '734 patent.

34.     On or about January 4, 2017, Plaintiffs received a letter, dated December 27, 2016, signed on behalf of Lupin Limited by Joseph Reisman ("Lupin's Paragraph IV Letter").

35.     Lupin's Paragraph IV Letter stated that Lupin Limited had submitted, and the FDA had received, an Abbreviated New Drug Application ("ANDA") under section 505(j)(2)(B)(ii) of the FDCA, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, or sale of Meloxicam capsules 5 mg and 10 mg, a generic version of the VIVLODEX® product, prior to expiration of the '734 patent. The ANDA Number for Lupin's application is 209-487.

36.     On information and belief, LPI is the authorized representative for Lupin Limited concerning ANDA No. 209-487.

37.     Lupin's Paragraph IV Letter stated that the '734 patent is invalid and/or would not

8

be infringed by the commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg.

38.     Attached to Lupin's Paragraph IV Letter was a statement of the factual and legal bases for Lupin's opinion that the '734 patent is invalid, unenforceable, and/or would not be infringed by the commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg.

39.     In filing its ANDA No. 209-487, Lupin has requested the FDA's approval to market a generic version of the VIVLODEX® product throughout the United States, including in this judicial district.

40.     On information and belief, following FDA approval of ANDA No. 209-487, Lupin Limited will manufacture, sell, offer to sell, and/or import the approved generic version of the VIVLODEX® product throughout the United States, including in this judicial district.

41.     On information and belief, following FDA approval of ANDA No. 209-487, LPI, as the marketing and sales agent for Lupin Limited, will sell and/or offer to sell the approved generic version of the VIVLODEX® product manufactured by Lupin Limited throughout the United States, including in this judicial district.

42.     Since receiving Lupin's Paragraph IV Letter, and prior to the filing of the Initial Complaint, Plaintiffs attempted to procure a copy of ANDA No. 209-487 from Lupin Limited. Because the terms of the proposed offer would not allow Plaintiffs to meaningfully process the information contained in the ANDA, including by not allowing Plaintiffs' in-house scientists to review the ANDA, Plaintiffs could not agree to the terms of the original offer. On January 30, 2017, counsel for Plaintiffs sent Lupin Limited's counsel a letter in an attempt to negotiate Plaintiffs' access to ANDA 209-487. Lupin Limited's counsel stated that Lupin Limited would

not permit Plaintiffs' in-house scientists to review the ANDA. As of the filing of the Initial

Complaint, the parties could not reach acceptable terms for accessing the ANDA.

43.     Plaintiffs are not aware of any other means for obtaining information regarding

Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg. In the absence of such

information, Plaintiffs resort to the judicial process and the aid of discovery to obtain, under

appropriate judicial safeguards, such information as is required to confirm its allegations of

infringement and to present the Court evidence that Lupin's proposed Meloxicam capsules 5 mg

and 10 mg fall within the scope of one or more claims of the '734 patent.

44.     Because they have been unable to obtain and test samples of Lupin's proposed

generic Meloxicam capsules 5 mg and 10 mg, Plaintiffs allege the causes herein based primarily

on representations contained in Lupin's Paragraph IV Letters and the other facts alleged herein.

45.     Lupin's efforts to seek FDA approval to market generic copies of VIVLODEX®

brand Meloxicam capsules 5 mg and 10 mg prior to expiration of the '734 patents constitute acts

of infringement pursuant to 35 U.S.C. § 271(e)(2) and thus create a justiciable controversy

between the parties with respect to the subject matter of Lupin's ANDA and the '734 patent,

which has been challenged in Lupin's Paragraph IV Notice.

## <u>COUNT ONE</u>

### *Infringement of the '734 Patent Under 35 U.S.C. § 271(e)(2) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg*

46.     Plaintiffs allege paragraphs 1 through 45 above as if set forth herein.

47.     Lupin Limited submitted ANDA No. 209-487 to the FDA under section 505(j) of

the FDCA to obtain approval to engage in the commercial manufacture, importation, use, sale, or

offer for sale of its proposed generic Meloxicam capsules 5 mg and 10 mg throughout the United

States. By submitting this application, Lupin Limited has committed an act of infringement of the '734 patent under 35 U.S.C. § 271(e)(2)(A).

48.     On information and belief, LPI participated in, contributed to, aided, abetted and/or induced the submission of ANDA No. 209-487. LPI's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 209-487 constitutes an act of infringement of the '734 patent under 35 U.S.C. § 271(e)(2)(A).

49.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg will constitute an act of direct infringement of the '734 patent.

50.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

51.     Unless and until Lupin is enjoined from infringing the '734 patent Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

52.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court stating that the effective date of approval for Lupin's ANDA be a date that is not earlier than the expiration date of the '734 patent.

## COUNT TWO

### *Declaratory Judgment of Infringement of the '734 Patent Under 35 U.S.C. § 271(a) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg*

53.     Plaintiffs allege paragraphs 1 through 52 above as if set forth herein.

54.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and that actual case or controversy requires a declaration of rights by this Court.

56.     On information and belief, Lupin will engage in the commercial manufacture, use, offer for sale, sale and/or importation of its proposed generic Meloxicam capsules 5 mg and 10 mg immediately and imminently upon approval of ANDA No. 209-487.

57.     Lupin's actions, including but not limited to, the development of its proposed generic Meloxicam capsules 5 mg and 10 mg, and the filing of an ANDA with a Paragraph IV certification, reliably predict that Lupin has made and will continue to make, substantial preparation in the United States, including the District of Maryland, to manufacture, sell, offer to sell, and/or import Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg.

58.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg will constitute an act of direct infringement of the '734 patent.

59.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

60.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg before patent expiration by Lupin will constitute direct infringement of the '734 patent.

61.     Unless and until Lupin is enjoined from infringing the '734 patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

**COUNT THREE**

***Declaratory Judgment of Infringement of the '734 Patent Under 35 U.S.C. § 271(b) by
Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

62.     Plaintiffs allege paragraphs 1 through 61 above as if set forth herein.

63.     This claim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202.

64.     There is an actual case or controversy such that the Court may entertain Plaintiffs'

request for declaratory relief consistent with Article III of the United States Constitution, and

that actual case or controversy requires a declaration of rights by this Court.

65.     On information and belief, Lupin will engage in the commercial manufacture, use,

offer for sale, sale and/or importation of its proposed generic Meloxicam capsules 5 mg and 10

mg immediately and imminently upon approval of ANDA No. 209-487.

66.     Lupin's actions, including but not limited to, the development of its proposed

generic Meloxicam capsules 5 mg and 10 mg, and the filing of an ANDA with a Paragraph IV

certification, reliably predict that Lupin has made and will continue to make, substantial

preparation in the United States, including the District of Maryland, to manufacture, sell, offer to

sell, and/or import Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg.

67.     On information and belief, Lupin will include within the packaging of its

proposed generic Meloxicam capsules 5 mg and 10 mg, or will otherwise make available to

prospective patients upon FDA approval, a label and/or instructions for use that instruct patients

to use the capsule claimed in the '734 patent.

68.     On information and belief, a patient's use of Lupin's proposed generic proposed

generic Meloxicam capsules 5 mg and 10 mg according to the instructions included in the label

13

and/or instructions for use of those products will constitute an act of direct infringement of one or more of the claims in the '734 patent.

69.     On information and belief, Lupin became aware of the '734 patent no later than when it was issued by the Patent Office and/or listed in the Orange Book as covering methods of using the approved formulation of VIVLODEX®.

70.     On information and belief, upon awareness of the '734 patent, Lupin either actually knew of the potential for infringement of one or more claims of the '734 patent, or was willfully blind as to the potential for that infringement at least because the label and/or instructions for use instruct patients to use the capsule claimed in the '734 patent.

71.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg will constitute an act of active inducement of infringement of the '734 patent.

72.     The commercial manufacture, importation, use, sale, or offer for sale of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg in violation of Plaintiffs' patent rights will cause harm to Plaintiffs for which damages are inadequate.

73.     Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale and/or importation of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg before patent expiration by Lupin will constitute active inducement of infringement of the '734 patent.

74.     Unless and until Lupin is enjoined from infringing the '734 patent, Plaintiffs will suffer irreparable injury for which damages are an inadequate remedy.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a trial by jury of all issues so triable.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs request:

A)      A judgment that Lupin has infringed the '734 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 209-487 under section 505(j) of the FDCA, and that the commercial manufacture, use, offer to sell, or sale within the United States, and/or importation into the United States, of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg will constitute an act of infringement of the '734 patent;

B)      An Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Lupin's ANDA No. 209-487 shall be a date which is not earlier than the expiration date of the '734 patent, as extended by any applicable period of exclusivity;

C)      An injunction pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Lupin, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product covered by the '734 patent;

D)      A judgment declaring that if Lupin engages in the commercial manufacture, use, offer to sell, sale, or importation of Lupin's generic product disclosed in its ANDA No. 209-487 prior to the expiration of the '734 patent, as extended by any applicable period of exclusivity, a preliminary injunction and/or permanent injunction will be entered enjoining such conduct pursuant to 35 U.S.C. § 283;

E)      A judgment declaring that if Lupin engages in the commercial manufacture, use, offer to sell, sale, or importation of Lupin's generic product disclosed in its ANDA No. 209-487 prior to the expiration of the '734 patent, as extended by any applicable period of exclusivity, Plaintiffs are entitled to damages or other monetary relief resulting from such infringement under 35 U.S.C. § 271(e)(4)(C);

F)      A judgment issued pursuant to 28 U.S.C. § 2201 declaring that if Lupin, its officers, agents, servants, employees, licensees, representatives, and attorneys, and all other persons acting or attempting to act in active concert or participation with it or acting on its behalf, engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's proposed generic Meloxicam capsules 5 mg and 10 mg prior to the expiration of the '734 patent, it will constitute an act of infringement of the '734 patent;

G)      A judgment that this is an exceptional case under 35 U.S.C. § 285, and that Plaintiffs be awarded reasonable attorneys' fees and costs;

H)      An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales; and

I)      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**FISH & RICHARDSON P.C.**

Dated: February 10, 2017             By:     */s/ Ahmed J. Davis*_____
                                                      Ahmed J. Davis (MD Bar No. 17812)
                                                      **FISH & RICHARDSON P.C.**
                                                      1425 K Street NW
                                                      11th Floor
                                                      Washington, D.C. 20005
                                                      Telephone No. 202-783-5070
                                                      adavis@fr.com

                                                      W. Chad Shear
                                                      **FISH & RICHARDSON P.C.**
                                                      12390 El Camino Real
                                                      San Diego, CA 92130
                                                      Telephone No. (858) 678-5070
                                                      shear@fr.com

                                                      Martina Tyreus Hufnal
                                                      Elizabeth M. Flanagan
                                                      **FISH & RICHARDSON P.C.**
                                                      222 Delaware Avenue, 17th Floor
                                                      P. O. Box 1114
                                                      Wilmington, DE 19899-1114
                                                      Telephone No. (302) 362-5070
                                                      tyreus-hufnal@fr.com
                                                      eflanagan@fr.com

                                                      *Attorneys for Plaintiffs iCeutica Pty Ltd and*
                                                      *Iroko Pharmaceuticals, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2017, a copy of this complaint, was electronically

filed in this case and that on February 10, 2017, another copy was mailed via first class mail,

postage prepaid, to the following members of Lupin's counsel, both of whom were identified as

the agents authorized to accept service of process in Lupin's Paragraph IV Letter:

Joseph Reisman                      William R. Zimmerman
Knobbe Martens                      Knobbe Martens
12790 El Camino Real                1717 Pennsylvania Avenue, N.W., Suite 900
San Diego, CA 92130                 Washington, DC 20006
Telephone No. (858) 707-4000        Telephone No. (202) 640-6400
Joseph.Reisman@knobbe.com           Bill.Zimmerman@knobbe.com

*/s/ Ahmed J. Davis*
Ahmed J. Davis
adavis@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W., Suite 1100
Washington, DC 20005
Phone: (202) 783-5070

18