**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| ICEUTICA PTY LTD and IROKO PHARMACEUTICALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 1:17-cv-0394-MJG |

**LUPIN LIMITED AND LUPIN PHARMACEUTICALS, INC.'S ANSWER AND COUNTERCLAIMS**

Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") hereby answer the Complaint of Plaintiffs iCeutica Pty Ltd and Iroko Pharmaceuticals, LLC (collectively, "Plaintiffs") and make counterclaims as follows:

## NATURE OF THE ACTION[1]

1. Lupin admits that the Complaint filed by Plaintiffs purports to state a civil action for patent infringement under the Patent Laws of the United States, Title 35 including §§ 271(e)(2) and 271(a), and for declaratory judgment under Titles 28 and 35. Lupin admits that the Complaint alleges infringement of United States Patent No. 9,526,734 ("the '734 patent"). Lupin admits that the Complaint purports to relate to patent rights allegedly covering VIVLODEX® brand Meloxicam capsules 5 mg and 10 mg. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 1 of the Complaint.

[1] For the Court's convenience, Lupin has incorporated the "Headings" that appear in the Complaint. Lupin, however, does not necessarily agree with the characterizations of such Headings, and does not waive any right to object to those characterizations.

## PARTIES

2. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies each and every allegation contained in Paragraph 2.

3. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies each and every allegation contained in Paragraph 3.

4. Lupin admits that Lupin Limited is a corporation organized and existing under the laws of India, with a registered office at Kalpataru Inspire, 3rd Floor, Off. Western Express Highway, Santacruz (East), Mumbai, 400 055, India.

5. Lupin admits that Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware and has its principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.

6. Lupin admits that Lupin Pharmaceuticals, Inc. ("LPI") is a wholly-owned subsidiary of Lupin Limited and that LPI sells and distributes pharmaceutical products manufactured by Lupin Limited throughout the United States. Lupin denies that LPI is a proper party to this action. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 6 of the Complaint.

7. Lupin admits that Lupin Limited develops and manufactures pharmaceutical products, including generic pharmaceutical products, for the United States market. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 7 of the Complaint.

8. Lupin admits that Lupin Limited did not contest personal jurisdiction in the listed cases. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 8 of the Complaint.

9. Lupin admits that Lupin Limited asserted counterclaims in *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016) and in *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-03437 D.I. 11 (D. Md. Jan. 12, 2016). Lupin denies that Lupin Limited asserted counterclaims in *Gilead Sciences, Inc. et al v. Lupin Atlantis Holdings SA et al*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 9 of the Complaint.

10. Lupin admits that LPI did not contest personal jurisdiction in the listed cases. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 10 of the Complaint.

11. Lupin admits that LPI asserted counterclaims in *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016) and in *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-03437 D.I. 11 (D. Md. Jan. 12, 2016). Lupin denies that LPI asserted counterclaims in *Gilead Sciences, Inc. et al v. Lupin Atlantis Holdings SA et al*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 11 of the Complaint.

12. Lupin admits the allegations in Paragraph 12 of the Complaint.

13. Lupin denies each and every allegation contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) solely for the claims directed against Lupin Limited under 35 U.S.C. § 271(e)(2). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this

Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 24 of the Complaint.

25. Lupin admits that LPI sells and distributes throughout the United States pharmaceutical products, including pharmaceutical products manufactured by Lupin Limited. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin does not contest venue in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 26 of the Complaint.

## FACTUAL BACKGROUND

27. Lupin admits that, according to the face of the ’734 patent, the ’734 patent issued on December 27, 2016, names H. William Bosch as the inventor, and is titled “Formulation of Meloxicam.” Lupin admits that what purports to be a copy of the ’734 patent is attached to the Complaint as Exhibit A. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the records of the PTO identify “iCeutica Pty Ltd.” as the purported assignee of the ’734 patent. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and, therefore, denies each and every remaining allegation contained in Paragraph 28.

29. Paragraph 29 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, therefore, denies each and every allegation contained in Paragraph 29.

30. Paragraph 30 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies each and every allegation contained in Paragraph 30.

31. Paragraph 31 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the FDA's website lists Iroko Pharmaceuticals, LLC as the holder of New Drug Application ("NDA") No. 20-7233 for Meloxicam capsules 5 mg and 10 mg, sold under the proprietary name VIVLODEX®. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and, therefore, denies each and every remaining allegation contained in Paragraph 31.

32. Lupin admits that the electronic version of the FDA's "Approved Drug Products with Therapeutic Equivalence Evaluations" ("Orange Book") identifies the '734 patent in connection with NDA No. 20-7233. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 32 of the Complaint.

33. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and, therefore, denies each and every allegation contained in Paragraph 33.

34. Lupin admits that Lupin Limited sent a letter to Plaintiffs signed by Joseph Reisman on January 3, 2017 (letter dated December 27, 2016) and on January 9, 2017 (collectively, "Paragraph IV Letter"). Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 34 of the Complaint and, therefore, denies each and every remaining allegation contained in Paragraph 34.

35. Lupin admits that its Paragraph IV Letter stated that Lupin Limited had submitted, and the FDA had received, an Abbreviated New Drug Application ("ANDA") under section 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), in order to obtain approval for Meloxicam capsules 5 mg and 10 mg ("ANDA Products"). Lupin admits that the ANDA Number for Lupin's application is 209487. Lupin is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint, and, therefore, denies each and every remaining allegation contained in Paragraph 35.

36. Lupin admits that, as indicated on Form FDA 356h of ANDA No. 209487, an employee of LPI is designated as Lupin Limited's "Authorized U.S. Agent." Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 36 of the Complaint.

37. Lupin admits that its Paragraph IV Letter stated that no valid, enforceable claim of the '734 patent would be infringed by the manufacture, importation, use, sale, or offer for sale of Lupin's ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 37 of the Complaint.

38. Lupin admits that attached to its Paragraph IV Letter was a statement of the factual and legal bases for Lupin's opinion that the claims of the '734 patent are invalid,

unenforceable, and/or would not be infringed by Lupin's ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 38 of the Complaint.

39. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 39 of the Complaint.

40. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 40 of the Complaint.

41. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 41 of the Complaint.

42. Lupin admits that its Paragraph IV letter included an Offer of Confidential Access "OCA"), and if Plaintiffs would have agreed to the OCA, Lupin would have provided to Plaintiffs a portion of Lupin's ANDA No. 209487, redacted to remove information of no relevance to any issue of patent infringement. Lupin admits that in response to the OCA, Plaintiffs requested that Lupin provide the entire ANDA and allow two of their in-house scientists to view Lupin's ANDA. Lupin agreed to provide the entire ANDA but did not agree to in-house scientists viewing Lupin's confidential information. Lupin instead noted that under the OCA, third-party experts could review Lupin's ANDA. Plaintiffs refused Lupin's compromise

position and did not sign the OCA. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint does not include factual allegations that require a response. To the extent a response is required, Lupin denies each and every allegation contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not include factual allegations that require a response. To the extent a response is required, Lupin denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Lupin denies each and every allegation contained in Paragraph 45 of the Complaint.

**COUNT ONE**

***Infringement of the '734 Patent Under 35 U.S.C. § 271(e)(2) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

46. Lupin restates and incorporates by reference its responses to Paragraphs 1-45 of this Answer as if fully set forth herein.

47. Lupin admits that Lupin Limited submitted ANDA No. 209487 to the FDA under section 505(j)(2)(B)(ii) of the FDCA seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Lupin denies that it has committed an act of infringement. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 47 of the Complaint.

48. Lupin admits that, as indicated on Form FDA 356h of ANDA No. 209487, an employee of LPI is designated as Lupin Limited's "Authorized U.S. Agent." Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 48 of the Complaint.

49. Lupin denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Lupin denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Lupin denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Lupin denies each and every allegation contained in Paragraph 52 of the Complaint.

## COUNT TWO

***Declaratory Judgment of Infringement of the '734 Patent Under 35 U.S.C. § 271(a) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

53. Lupin restates and incorporates by reference its responses to Paragraphs 1-52 of this Answer as if fully set forth herein.

54. Paragraph 54 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

55. Lupin denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 56 of the Complaint.

57. Lupin denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Lupin denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Lupin denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Lupin denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Lupin denies each and every allegation contained in Paragraph 61 of the Complaint.

**COUNT THREE**

***Declaratory Judgment of Infringement of the ’734 Patent Under 35 U.S.C. § 271(b) by Lupin’s Proposed Generic Meloxicam capsules 5 mg and 10 mg***

62. Lupin restates and incorporates by reference its responses to Paragraphs 1-61 of this Answer as if fully set forth herein.

63. Paragraph 63 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

64. Lupin denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 65 of the Complaint.

66. Lupin denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Lupin denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Lupin denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Lupin admits that it became aware of the ’734 patent no later than December 27, 2016, the date on which the ’734 patent issued. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 69 of the Complaint.

70. Lupin denies each and every allegation contained in Paragraph 70 of the Complaint.

71. Lupin denies each and every allegation contained in Paragraph 71 of the Complaint.

72. Lupin denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Lupin denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Lupin denies each and every allegation contained in Paragraph 74 of the Complaint.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF

Lupin denies all remaining allegations not specifically admitted herein. Lupin further denies that Plaintiffs are entitled to any judgement or relief requested in paragraphs A-I of the Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1-74 of the

Complaint, Lupin sets forth the following defenses. Lupin does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden of proof. Lupin expressly reserves the right to allege additional defenses as they become known through the course of discovery.

**FIRST DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiffs have failed to state a claim upon which relief may be granted because, *inter alia*, LPI has not committed an act of infringement as prescribed in 35 U.S.C. § 271(e)(2).

**SECOND DEFENSE – LACK OF SUBJECT MATTER JURISDICTION**

This Court lacks subject matter jurisdiction over any and all claims asserted against LPI. This Court lacks subject matter jurisdiction over any and all claims asserted against Lupin under 35 U.S.C. § 271(a), (b) or (c).

**THIRD DEFENSE – NON-INFRINGEMENT OF THE ’734 PATENT**

Lupin does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, and/or enforceable claim of the ’734 patent by the manufacture, use, sale, offer for sale, or importation of the meloxicam products that are the subject of Lupin’s ANDA No. 209487.

**FOURTH DEFENSE – INVALIDITY OF THE ’734 PATENT**

One or more claims of the ’734 patent are invalid for failure to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and in view of the defenses recognized in 35 U.S.C. § 282(b).

**FIFTH DEFENSE – IMPROPER PARTY**

Lupin Pharmaceuticals, Inc. is not a proper party to this action.

**SIXTH DEFENSE – FAILURE TO STATE AN EXCEPTIONAL CASE**

The Complaint fails to state a claim for exceptional case and/or willful infringement under 35 U.S.C. § 285 and/or 35 U.S.C. § 271(e)(4).

**SEVENTH DEFENSE – ADDITIONAL DEFENSES**

Lupin reserves the right to present any additional defenses and counterclaims that discovery may reveal.

**COUNTERCLAIMS**

Defendant/Counterclaimant Lupin Limited ("Lupin Ltd.") brings the following Counterclaims against Plaintiffs/Counterdefendants iCeutica Pty Ltd ("iCeutica") and Iroko Pharmaceuticals, LLC ("Iroko") (collectively, "Counterdefendants") for a declaratory judgment that United States Patent No. 9,526,734 ("the '734 patent") is invalid and/or not infringed by Lupin Ltd.'s meloxicam products that are the subject of Lupin Ltd.'s ANDA No. 209487 ("ANDA Products").

**PARTIES**

1. Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Kalpataru Inspire, 3rd Floor, Off. Western Express Highway, Santacruz (East), Mumbai, 400 055, India.

2. Counterdefendants have averred that Counterdefendant iCeutica Pty Ltd is a company organized and existing under the laws of Australia with a principal place of business at Unit 2, 32 Mumford Place, Balcatta Western Australia 6021.

3. Counterdefendants have averred that Counterdefendant Iroko Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at One Kew Place, 150 Rouse Boulevard, Philadelphia, PA, 19112.

4. Counterdefendants have averred that Counterdefendant iCeutica Pty Ltd is the assignee of the ’734 patent and Counterdefendant Iroko Pharmaceuticals, LLC is an exclusive licensee to the ’734 patent in the United States.

**JURISDICTION AND VENUE**

5. Lupin Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and 35 U.S.C. § 271(e)(2).

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Counterdefendants’ choice of forum.

8. This is an action based upon an actual controversy between the parties concerning the invalidity and/or noninfringement of the ’734 patent and Lupin Ltd.’s right to continue to seek approval of ANDA No. 209487, and upon approval by the FDA, to manufacture, import, use, market, sell, and offer to sell its ANDA Products in the United States.

9. Lupin Ltd. has been and presently is engaged in the submission of documents for FDA approval to engage in the commercial manufacture, importation, use, or sale of its ANDA Products. Counterdefendants have alleged that Lupin Ltd.’s ANDA Products infringe, will infringe, or will induce infringement of one or more claims of the ’734 patent.

10. Counterdefendants have filed in this Court an infringement action to enforce the ’734 patent.

11. Lupin Ltd. has denied that it has infringed, continues to infringe, or will infringe, induce infringement of, and/or contribute to the infringement of any valid and/or enforceable claim of the ’734 patent.

12. Lupin Ltd. has further asserted that the ’734 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and in view of the defenses recognized in 35 U.S.C. § 282(b).

13. The ’734 patent is listed in the FDA’s electronic Orange Book with respect to VIVLODEX®.

14. Lupin Ltd.’s ANDA No. 209487 includes a certification under FDCA § 505(J)(2)(A)(vii), Paragraph IV, with respect to the ’734 patent, that no valid, enforceable claim of the patents will be infringed by the manufacture, importation, use, sale, or offer for sale of Lupin Ltd.’s ANDA Products. On January 9, 2017, pursuant to § 505(j)(2)(B) of the FDCA, Lupin Ltd. notified Counterdefendants by letter (“Paragraph IV Letter”) that Lupin Ltd. filed ANDA No. 209487 with the FDA containing certifications pursuant to FDCA § 505(j)(2)(A)(vii)(IV) that the claims of the ’734 patent are invalid and/or would not be infringed by Lupin Ltd.’s ANDA Products.

15. In view of the foregoing, a conflict of asserted rights has arisen between Lupin Ltd. and Counterdefendants with respect to the noninfringement and invalidity of the relevant claims of the ’734 patent, and as to Lupin Ltd.’s right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of its ANDA Products. An actual controversy therefore exists between Counterdefendants and Lupin Ltd.

**FIRST COUNTERCLAIM – DECLARATION OF PATENT NONINFRINGEMENT**

16. Lupin Ltd. realleges Paragraphs 1-15 as though fully set forth herein.

17. Lupin Ltd. does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and/or enforceable claim of the ’734 patent.

18. The sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.’s ANDA Products will not constitute infringement (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), of any valid and/or enforceable claim of the ’734 patent.

19. Lupin Ltd.’s ANDA Products will not infringe any claim of the ’734 patent at least because Lupin Ltd.’s ANDA Products do not satisfy the claims of the ’734 patent.

20. Lupin Ltd. is entitled to a judicial determination that the sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.’s ANDA Products do not, and would not if marketed, infringe any valid and/or enforceable claim of the ’734 patent.

## SECOND COUNTERCLAIM – DECLARATION OF PATENT INVALIDITY

21. Lupin Ltd. realleges Paragraphs 1-20 as though fully set forth herein.

22. The claims of the ’734 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, 112, and/or in view of the defenses recognized in 35 U.S.C. § 282(b).

23. The claims of the ’734 patent are invalid at least under 35 U.S.C. § 103 in view of the prior art, including but not limited to U.S. Patent Application Publication No. U.S. 2012/0141548 A1 to Dodd et al. (“Dodd”); International Publication No. WO 2005/002542 to Cooper et al. (“Cooper”); Medication Guide for Non-Steroidal Anti-Inflammatory Drugs (Approved by the U.S. Food and Drug Administration August 2007) (“Medication Guide”); Rodriguez et al., Epidemiology, 12(5):570-576 (2001) (“Rodriguez”); Dokoumetzidis et al., Int’l

J. of Pharm., 321:1-11 (2006) ("Dokoumetzidis"); International Publication No. WO 2008/000042 A1 to Meiser et al. ("Meiser"); Kesisoglou et al., Adv. Drug Del. Rev., 59:631-644 (2007) ("Kesisoglou"); and/or Turck et al., Br. J. Rheumatol., 35(Suppl. 1):13-16 (1996) ("Turck").

24. Lupin Ltd. is entitled to a judicial declaration that the claims of the '734 patent are invalid.

## DEMAND FOR JUDGMENT

WHEREFORE, Lupin Ltd. prays for the following relief:

A. That all claims against Lupin be dismissed with prejudice and that all relief requested by Counterdefendants be denied;

B. That a judgment be entered declaring that Lupin Ltd. has not and does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of U.S. Patent No. 9,526,734; that Lupin Ltd. has a lawful right to obtain FDA approval of ANDA No. 209487; and further that Lupin Ltd. has a lawful right to manufacture, import, use, sell, and/or offer to sell its ANDA Products in the United States once approved by the FDA;

C. That a judgment be entered declaring the claims of U.S. Patent No. 9,526,734 invalid and unenforceable;

D. That Counterdefendants and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Lupin or any of its customers, dealers or suppliers, or any prospective or present sellers,

dealers, distributors or customers of Lupin, or charging any of them either orally or in writing with infringement of U.S. Patent No. 9,526,734;

E. That a judgment be entered declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Lupin Ltd. is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

F. That Lupin Ltd. be awarded costs, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled; and

G. That Lupin Ltd. be awarded such other and further relief as is just and proper.

Dated: March 21, 2017

Respectfully submitted,

/s/
Matthew T. Wagman (Bar No. 26399)
Alexander P. Creticos (Bar No. 30199)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202-1153
Tel: (410) 727-6464
Fax: (410) 385-3700
mmwagman@milesstockbridge.com
acreticos@milesstockbridge.com

*Counsel for Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

*Co-Counsel*

William R. Zimmerman (Pro Hac Vice Pending)
Catherine R. Gourash (Pro Hac Vice Pending)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
Tel: (202) 640-6400
bill.zimmerman@knobbe.com
cassie.gourash@knobbe.com

Carol Pitzel Cruz (Pro Hac Vice Pending)
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 405-2000
Carol.PitzelCruz@knobbe.com

Karen M. Cassidy (Pro Hac Vice Pending)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Karen.Cassidy@knobbe.com

25380978