# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### BALTIMORE DIVISION

ICEUTICA PTY LTD and
IROKO PHARMACEUTICALS, LLC,

        Plaintiffs,

        v.

LUPIN LIMITED and LUPIN
PHARMACEUTICALS, INC.,

        Defendants.

Civil Action No. 1:17-cv-0394-MJG

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

iCeutica Pty Ltd ("iCeutica") and Iroko Pharmaceuticals, LLC ("Iroko") (collectively,

"Plaintiffs") and defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively,

"Lupin"), assert that they possess confidential information in the form of trade secrets or other

confidential business, personal and/or technical information related to the subject matter of this

litigation. The parties recognize that it may be necessary to disclose certain of the asserted

confidential information during the course of this litigation. As a result, the parties desire

limiting disclosure and preventing use of such information for purposes other than the

prosecution and defense of this action. In addition, the parties contemplate that non-parties may

produce confidential information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the

request for, and entry of, the following Protective Order (hereinafter, "Order").

## 1.    DEFINITIONS

(a)    *Discovery Material:* The term "Discovery Material" shall mean any Document (as

defined below), material, item, testimony, or thing filed with or presented to the Court or

produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(b)    *Document:* The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, numbers, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting,  printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM  or any other form of electronically stored information, and all other tangible things which come  within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or  within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules  of Civil Procedure.

(c)    *Producing Party:* The term "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material in this action.

(d)    *Receiving Party:* The term "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives  any Discovery Material in this action.

(e)    *Designated Material:* The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL INFORMATION, which comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information, as more specifically set forth below:

(f)   *CONFIDENTIAL   INFORMATION:*   The   term   "CONFIDENTIAL INFORMATION" shall mean and include information of the Producing Party, whether oral or in documentary, electronic, or tangible form, that is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation information that the Producing Party claims in good faith to constitute or relate to (i) trade secrets under applicable law; and (ii) highly confidential and/or proprietary information pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, such as, without limitation, Abbreviated New Drug Applications ("ANDA") (including any supplements or amendments), New Drug Applications ("NDA"), Drug Master Files ("DMF"), research and development information (including, for example, laboratory notebooks, research plans, market and demographic research, and product and advertising development), commercially sensitive competitive information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, accounting, sales figures, forecasts, and advertising expenditures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), personnel information (including, for example, compensation, evaluations and other employment information), personal information of physicians and patients, non-public patent prosecution information (including, for example, present or future patent applications that are not publicly accessible), and non-public regulatory filings. Such designation shall be made at  the time of delivery of a copy of the Discovery Material to the Receiving Party. Designated  Material that is designated CONFIDENTIAL INFORMATION may be disclosed to any of the individuals

-3-

identified in paragraph 5(a) below and shall not be used for any purpose other than in connection with this litigation.

(g)     *Scope:* The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL INFORMATION but also any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.

(h)     *Days:* All references to "days" in this Order shall be construed as calendar days and any deadlines shall be computed in accordance with Rule 6(a) of the Federal Rules of Civil Procedure.

## 2.     **PROCEDURE FOR MARKING DESIGNATED MATERIAL**

Marking Designated Material as CONFIDENTIAL INFORMATION shall be made by the Producing Party in the following manner:

(a)     In the case of Documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing;

(b)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced for inspection shall initially be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark Designated Material as "CONFIDENTIAL INFORMATION" as appropriate; and

(c)     In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION" by the reporter, or (ii) by serving a written notification on each other party within fifteen (15) days after receipt of the final transcript from the court reporter by counsel for the Designating Party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent. All deposition transcripts shall be treated as if it had been designated "CONFIDENTIAL" until at least fifteen (15) days after the final transcript from the court reporter of the deposition is received by or made available to counsel for each of the parties. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order or the parties agree to such person's attendance.

### 3.     CONTESTING THE DESIGNATION

(a)     No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

(b)     Any party may contest a claim of confidentiality. Any party objecting to the designation of any Discovery Material as CONFIDENTIAL INFORMATION must give outside counsel of record for the Producing Party written notice of its reasons for the objection. Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation. In the

resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as CONFIDENTIAL INFORMATION shall be deemed as such until the matter is resolved.

### 4. RESTRICTION ON DISCLOSURE AND USE

(a) *Basic Principles.* Designated Materials shall be used solely for purposes of conducting this Litigation, and shall not be used for any other purpose, including, without limitation any business or commercial purpose, the filing or prosecution of any patent application (or amendment of patent claims through other patent office proceeding), or in connection with any communication or submission to the U.S. Food and Drug Administration, the U.S. Pharmacopeia, or any similar entity.

(b) *Confidentiality.* Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) (i) shall be kept confidential and (ii) shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, unless and to the extent that this Order is otherwise modified by court order.

(c) *Maintenance of Designated Material.* Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(d) A Producing Party is free to do whatever it desires with its own Designated Material.

## 5.   ACCESS TO DESIGNATED MATERIAL

(a)   *Access – "CONFIDENTIAL."* Designated Material marked "CONFIDENTIAL" shall  be available only to the following persons subject to the terms of paragraph 6:

i.   Outside counsel retained by any party in connection with this action and the outside counsel's partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to materials designated "CONFIDENTIAL," provided that any such outside attorney with access to CONFIDENTIAL information does not, and will not, for a period of ten (10) months from the final disposition of this action (as described in paragraph 13 below), (A) engage, formally or informally, in the drafting, amending, or prosecution of patent claims relating to VIVLODEX$^{®}$ or generic equivalents thereto (including Defendants' ANDA), pharmaceutical formulations or method of use or processes for making preparations  comprising 5 mg and 10 mg Meloxicam; (B) participate in the preparation of any submissions to  the FDA concerning VIVLODEX$^{®}$ (including any communications with the FDA regarding  Citizens Petitions, Defendants' ANDAs, Iroko's NDA, or the Parties' Meloxicam DMFs, APIs, or formulations); (C) participate in the preparation of submissions to the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction concerning products containing VIVLODEX$^{®}$ or generic equivalents thereto (including Defendants' ANDA); (D) engage, formally or informally, in any business decision-making with respect to  products containing VIVLODEX$^{®}$ or generic equivalents thereto (including Defendants' ANDA); and (E) be involved in the scientific development of products containing VIVLODEX$^{®}$  or generic equivalents thereto (including Defendants' ANDA). The foregoing restrictions of this  Paragraph 5(a)(i) shall apply only to individuals and not to the firms or organizations by which  they are

-7-

employed. This prohibition shall not preclude outside counsel from participating in reexamination, *inter partes* review, or any other post-grant review proceedings to challenge or defend the validity of any patent, but outside counsel may not participate in the drafting or amending of patent claims in any such proceedings. If post-grant review proceedings are initiated and a party has specific concerns about the access and use of its CONFIDENTIAL INFORMATION in such proceedings, it may apply to the Court for guidance on the issue.

 ii. The Court, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

 iii. Consultants or experts designated pursuant to paragraph 6(a) below and their staff, excluding employees, officers or directors of a named party or owners of more than a two-percent interest in a named party, retained by any of the parties or their counsel to consult or testify in the case;

 iv. Authors or drafters; addressees; anyone who received the documents or information prior to the commencement of this action; or anyone who received the document or information during this action but only if they obtained the document or information independently and outside of this action and not in violation of this Order; anyone who is a current employee of the Producing Party.

 v. Third party contractors and their employees involved in document management or copying services for this litigation;

 vi. Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action;

 vii. Jury or trial consulting services retained by a party in this action;

viii.     Persons who have been retained by a party to provide translation or interpretation from one language to another;

ix.     Mock jurors retained by a party in this action, excluding individuals who are officers, directors, or employees of a named party, or owners of more than a two-percent interest in a named party;

x.     Third party testing laboratories and their staffs retained by any of the parties or their counsel for purposes of this action; and

xi.     For each party to this litigation, no more than two designated in-house counsel or legal representative(s) who are responsible for and/or working directly in the management of the prosecution or defense of this action; provided, however, that such designated in-house counsel or representative(s) for a period of ten (10) months from the final disposition of this action (as described in paragraph 13 below), (A) will not engage, formally or informally, in the drafting, amending, or prosecution of patent claims relating to VIVLODEX® or generic equivalents thereto (including Defendants' ANDA), pharmaceutical formulations or method of use or processes for making preparation comprising 5 mg and 10 mg Meloxicam; (B) will not participate in the preparation of any submissions to the FDA concerning VIVLODEX® (including any communications with the FDA regarding Citizens Petitions, Defendants' ANDAs, Iroko's NDA, or the Parties' Meloxicam DMFs, APIs, or formulations,); (C) will not participate in the preparation of submissions to the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction concerning products containing VIVLODEX® or generic equivalents thereto (including Defendants' ANDA), (D) will not engage, formally or informally, in any business decision-making with respect to products containing VIVLODEX® or generic equivalents thereto (including Defendants' ANDA); and (E) will not be involved in the scientific

development of products containing VIVLODEX$^®$ or generic equivalents thereto (including Defendants' ANDA). This prohibition shall not preclude designated in-house counsel or representatives from participating in reexamination *inter partes* review, or any other post-grant review proceedings to challenge or defend the validity of any patent, but designated in-house counsel or representatives may not participate in the drafting or amending of patent claims in any such proceedings. If post-grant review proceedings are initiated and a party has specific concerns about the access and use of its CONFIDENTIAL INFORMATION in such proceedings, it may apply to the Court for guidance on the issue. This prohibition shall further not preclude designated in-house counsel or representatives from responding to responses to Citizen's Petitions concerning VIVLODEX$^®$, Defendants' ANDAs, Iroko's NDA, or the Parties' Meloxicam DMFs, APIs, or formulations concerning products containing VIVLODEX$^®$ or generic equivalents thereto (including Defendants' ANDA).

Prior to receiving any CONFIDENTIAL information, the designated in-house counsel or representative(s), as well as the position and job function of such in-house counsel or representative(s), shall be identified to the party that designated the information and shall execute a written Acknowledgment of Protective Order (in the form set forth as Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Order and to submit to the personal jurisdiction of the United States District Court for the District of Maryland.

Plaintiffs have designated the following attorney representatives to receive CONFIDENTIAL information:

- Mr. Matthew Callahan
- Mr. Stuart Maron

Defendants have designated the following attorney and non-attorney representatives to

receive  CONFIDENTIAL information:

-     Mr. Pavan Kumar Vitta
-     Ms. Kathryn Jones, Esq.

Any designated non-attorney  representative, including Mr. Pavan Kumar Vitta, shall further undertake to protect information designated as  CONFIDENTIAL consistent with this Order, agree in writing to be bound by the Maryland  Lawyers Rules of Professional Conduct and to submit to the jurisdiction of the United States  District Court for the District of Maryland for enforcement of this Order, and must meet the other  requirements for access set forth in this Order.

xii.    Any    other    person    authorized    to    receive    CONFIDENTIAL INFORMATION  Designated Material by order of the Court or by written agreement of the Parties.

## 6.    CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

(a)    *Experts and Consultants.* Prior to a Receiving Party giving, showing, disclosing, making available or communicating Designated Material to any expert or consultant under paragraphs 5(a)(iii) above, the party shall:

i.    Serve a notice on the Producing Party, identifying the expert or consultant and  the expert's or consultant's business address, business telephone numbers, present employer and  position (along with a job description), consulting activities, litigation consulting, and job history  for the past three years, and past or present relationship, if any, with the Receiving Party. Furthermore, if available or reasonably obtainable, the most recent curriculum vitae or resume of the expert or consultant shall be provided under this section. If the most recent curriculum vitae or resume of the expert or consultant provides the information required under this paragraph,  then

the information need not be separately provided.

ii.     Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.

iii.    The Producing Party shall be entitled to object to such disclosure to the expert or consultant within seven (7) days after receipt of the Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert or consultant should not receive the Designated Material.

iv.     If the parties are unable to agree on the disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within seven (7) days of its objection. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

v.      No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

vi.     The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to persons and/or third party testing laboratories as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

## 7.   PROCEDURES FOR FILING PAPERS
## WITH DESIGNATED MATERIAL

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with the following procedures:

(a)    The Designated Material must be filed under seal in accordance with the applicable procedures set forth in the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Maryland, any Orders of the Court, and the Electronic Case Filing Policies and Procedures Manual dated December 2016. Courtesy paper copies of sealed documents shall be filed with Chambers and/or the Clerk's Office, as appropriate, in sealed envelopes endorsed with the title of this action, an indication of the contents of the envelope, the identity of the filing party and the notation "CONFIDENTIAL – FILED UNDER SEAL." Courtesy copies of sealed documents will be served on all parties via email.

(b)    All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 7(a). Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL INFORMATION depending on the contents of the papers being filed. Such papers shall be subject to the terms of this Order.

## 8.   REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(a)     All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

(b)     Redacted versions of the papers are clearly marked "Redacted Version - Confidential Material Omitted." Redacted versions of the papers also must clearly identify each place where  information or exhibits have been deleted.

## 9.     UNINTENTIONAL FAILURE TO DESIGNATE

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL INFORMATION, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL INFORMATION upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not disclosed this Designated Material.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a  violation of this Order.  However, in the event the material has been distributed in a manner  inconsistent with the categorical designation, the Receiving Party promptly will take the steps  reasonably necessary to conform distribution to the categorical designation, i.e., by retrieving or  destroying all copies of the Designated Material, or notes or extracts thereof, in the possession of  the persons not authorized under this Order to possess such Designated Material and advising the  person to whom disclosure was made that the material is confidential and should be treated as provided in the Order, and to confirm to the Producing Party in writing of such retrieval or  destruction.

## 10.     UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

Counsel shall exert their best efforts to identify documents or material protected by the

attorney-client privilege, or work-product doctrine, or any other applicable privilege prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses such privileged documents or materials, the party shall, promptly upon discovery of the disclosure, so advise the Receiving Party in writing, request the documents or materials be returned, and attach a privilege log entry pertaining to the documents or materials that are privileged or otherwise immune from discovery. If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations (including any notes or work product made therefrom), within seven (7) days of the Receiving Party's receipt of a written request for the return of the documents or material. The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party. The Receiving Party having returned or destroyed the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure, but cannot assert that the privilege has been waived due to the unintentional disclosure. These procedures are not intended to in any way limit the right of a party to argue under Federal Rule of Evidence 502 or any other law that any inadvertent production did not constitute a waiver.

## 11.  INFORMATION NOT COVERED BY THIS ORDER

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such

information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

## 12.   RESPONSIBILITY OF ATTORNEYS

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 5 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants or third party testing laboratories approved under paragraphs 5 and 6 for use as working copies. All copies, extracts and translations must be appropriately marked and are subject to paragraph 13 of this Order.

## 13.   FINAL DISPOSITION

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) days.

However, retained counsel may retain court filings, correspondence, attorney and consultant  work product, and depositions for archival purposes. If Designated Material is destroyed  pursuant to this paragraph, outside counsel for the Receiving Party shall confirm to outside  counsel for the Producing Party that such destruction was  performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the  conclusion of this action.

## 14.   NO LIMITATION OF OTHER RIGHTS

This Order shall be without prejudice to the right of any party to oppose production of  any

information on any and all grounds other than confidentiality.

### 15.    **RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

### 16.    **DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and  will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

### 17.    **ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of  any document, testimony, or other matter at any court proceeding related to this matter. The  marking of Designated Material as CONFIDENTIAL INFORMATION pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this  matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with  the need for a complete and accurate record of the proceedings; provided, however, that every  effort

shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL INFORMATION.

### 18.    NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within seven (7) days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

### 19.    UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A and confirm destruction or return of such material and all copies and derivations (including any notes or work product made therefrom).

### 20.    **COUNSEL'S RIGHT TO PROVIDE ADVICE**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material nor the source of any Designated Material to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### 21.    **NO CONTRACT**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

### 22.    **EFFECTIVE DATE**

This Order shall be effective on the date of its execution, provided that all material previously produced shall be deemed CONFIDENTIAL unless and until they are redesignated by the Producing Party or by further order of the Court.

### 23.    **TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

*Co-Counsel*

W. Chad Shear (Pro Hac Vice)
Megan A. Chacon (Pro Hac Vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone No. (858) 678-5070
shear@fr.com
chacon@fr.com


Martina Tyreus Hufnal (Pro Hac Vice)
Elizabeth M. Flanagan (Pro Hac Vice)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P. O. Box 1114
Wilmington, DE 19899-1114
Telephone No. (302) 362-5070
tyreus-hufnal@fr.com
eflanagan@fr.com

/s/ *Ahmed J. Davis*

Ahmed J. Davis (MD Bar No. 17812)
FISH & RICHARDSON P.C.
The McPherson Building
901 15th Street, N.W.
7th Floor
Washington, D.C. 20005
Telephone No. 202-783-5070
adavis@fr.com

*Attorneys for Plaintiffs*
*iCeutica Pty Ltd and*
*Iroko Pharmaceuticals, LLC*


*Co-Counsel*

William R. Zimmerman (Pro Hac Vice)
Catherine R. Gourash (Pro Hac Vice)
KNOBBE, MARTENS, OLSON & BEAR,
LLP
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
Tel: (202) 640-6400
bill.zimmerman@knobbe.com
cassie.gourash@knobbe.com

Carol Pitzel Cruz (Pro Hac Vice)
KNOBBE, MARTENS, OLSON & BEAR,
LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 405-2000
Carol.PitzelCruz@knobbe.com

/s/ *Matthew T. Wagman*

Matthew T. Wagman (Bar No. 26399)
Alexander P. Creticos (Bar No. 30199)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202-1153
Tel: (410) 727-6464
Fax: (410) 385-3700
mmwagman@milesstockbridge.com
acreticos@milesstockbridge.com


*Counsel for Defendants Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Karen M. Cassidy (Pro Hac Vice)
KNOBBE, MARTENS, OLSON & BEAR,
LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Karen.Cassidy@knobbe.com

May 1, 2017

SO ORDERED this 2nd day of ___May___ , 2017

_____/s/_____
United States District Court Judge
Marvin J. Garbis

-21-

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

ICEUTICA PTY LTD and
IROKO PHARMACEUTICALS, LLC,

      Plaintiffs,

          v.

LUPIN LIMITED and LUPIN
PHARMACEUTICALS, INC.,

      Defendants.

Civil Action No. 1:17-cv-0394-MJG

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____ state that:

My residence address is _____

_____

My business address is _____

_____

My present employer and job description are_____

_____

My job and consulting history for the past three years is as follows

_____

_____

_____

My relationship to the parties to this action is as follows _____

_____

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in this matter.

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of the United States District Court for the District of Maryland for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 201_.


_____
(Signature)


_____
(Typed or Printed Name)