**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| ICEUTICA PTY LTD and<br>IROKO PHARMACEUTICALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED and LUPIN<br>PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 1:17-cv-0394-MJG |

**LUPIN LIMITED AND LUPIN PHARMACEUTICALS, INC.'S
ANSWER TO THE FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") hereby answer the First Amended Complaint of Plaintiffs iCeutica Pty Ltd and Iroko Pharmaceuticals, LLC (collectively, "Plaintiffs") and make counterclaims as follows:

**NATURE OF THE ACTION[1]**

1. Lupin admits that the First Amended Complaint filed by Plaintiffs purports to state a civil action for patent infringement under the Patent Laws of the United States, Title 35 including §§ 271(e)(2) and 271(a), and for declaratory judgment under Titles 28 and 35. Lupin admits that the First Amended Complaint alleges infringement of United States Patent Nos. 9,526,734 ("the '734 patent") and 9,649,318 ("the '318 patent") (collectively, "the Patents-in-Suit"). Lupin admits that the First Amended Complaint purports to relate to patent rights allegedly covering VIVLODEX® brand Meloxicam capsules 5 mg and 10 mg. Except as

[1] For the Court's convenience, Lupin has incorporated the "Headings" that appear in the Complaint. Lupin, however, does not necessarily agree with the characterizations of such Headings, and does not waive any right to object to those characterizations.

expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 1 of the First Amended Complaint.

**PARTIES**

2. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the First Amended Complaint and, therefore, denies each and every allegation contained in Paragraph 2.

3. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the First Amended Complaint and, therefore, denies each and every allegation contained in Paragraph 3.

4. Lupin admits that Lupin Limited is a corporation organized and existing under the laws of India, with a registered office at Kalpataru Inspire, 3rd Floor, Off. Western Express Highway, Santacruz (East), Mumbai, 400 055, India.

5. Lupin admits that Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware and has its principal place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.

6. Lupin admits that Lupin Pharmaceuticals, Inc. ("LPI") is a wholly-owned subsidiary of Lupin Limited and that LPI sells and distributes pharmaceutical products manufactured by Lupin Limited throughout the United States. Lupin denies that LPI is a proper party to this action. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 6 of the First Amended Complaint.

7. Lupin admits that Lupin Limited develops and manufactures pharmaceutical products, including generic pharmaceutical products, for the United States market. Except as

expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 7 of the First Amended Complaint.

8. Lupin admits that Lupin Limited did not contest personal jurisdiction in the listed cases. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 8 of the First Amended Complaint.

9. Lupin admits that Lupin Limited asserted counterclaims in *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016) and in *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-03437 D.I. 11 (D. Md. Jan. 12, 2016). Lupin denies that Lupin Limited asserted counterclaims in *Gilead Sciences, Inc. et al v. Lupin Atlantis Holdings SA et al*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 9 of the First Amended Complaint.

10. Lupin admits that LPI did not contest personal jurisdiction in the listed cases. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 10 of the First Amended Complaint.

11. Lupin admits that LPI asserted counterclaims in *Shire Development LLC et al v. Lupin Limited et al.*, No. 1:16-cv-00612 D.I. 27 (D. Md. June 27, 2016) and in *Shire Pharmaceutical Development Inc. et al v. Lupin Limited et al.*, No. 8:15-cv-03437 D.I. 11 (D. Md. Jan. 12, 2016). Lupin denies that LPI asserted counterclaims in *Gilead Sciences, Inc. et al v. Lupin Atlantis Holdings SA et al*, No. 1:15-cv-01956 D.I. 24 (D. Md. Sept. 8, 2015). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 11 of the First Amended Complaint.

12. Lupin admits the allegations in Paragraph 12 of the First Amended Complaint.

13. Lupin denies each and every allegation contained in Paragraph 13 of the First Amended Complaint.

## JURISDICTION AND VENUE

14. Paragraph 14 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) solely for the claims directed against Lupin Limited under 35 U.S.C. § 271(e)(2). Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 14 of the First Amended Complaint.

15. Paragraph 15 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 15 of the First Amended Complaint.

16. Paragraph 16 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 16 of the First Amended Complaint.

17. Paragraph 17 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 17 of the First Amended Complaint.

18. Paragraph 18 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest

personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 18 of the First Amended Complaint.

19. Paragraph 19 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin Limited does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 19 of the First Amended Complaint.

20. Paragraph 20 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 20 of the First Amended Complaint.

21. Paragraph 21 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 21 of the First Amended Complaint.

22. Paragraph 22 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 22 of the First Amended Complaint.

23. Paragraph 23 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 23 of the First Amended Complaint.

24. Paragraph 24 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, LPI does not contest personal jurisdiction in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 24 of the First Amended Complaint.

25. Lupin admits that LPI sells and distributes throughout the United States pharmaceutical products, including pharmaceutical products manufactured by Lupin Limited. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 25 of the First Amended Complaint.

26. Paragraph 26 of the First Amended Complaint contains legal conclusions to which no answer is required. For the purposes of this case only, Lupin does not contest venue in this Court. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 26 of the First Amended Complaint.

## FACTUAL BACKGROUND

27. Lupin admits that, according to the face of the ’734 patent, the ’734 patent issued on December 27, 2016, names H. William Bosch as the inventor, and is titled “Formulation of Meloxicam.” Lupin admits that what purports to be a copy of the ’734 patent is attached to the First Amended Complaint as Exhibit A. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 27 of the First Amended Complaint.

28. Paragraph 28 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the records of the PTO identify “iCeutica Pty Ltd.” as the purported assignee of the ’734 patent. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining

allegations in Paragraph 28 and, therefore, denies each and every remaining allegation contained in Paragraph 28.

29. Paragraph 29 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, therefore, denies each and every allegation contained in Paragraph 29.

30. Paragraph 30 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies each and every allegation contained in Paragraph 30.

31. Paragraph 31 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the FDA's website lists Iroko Pharmaceuticals, LLC as the holder of New Drug Application ("NDA") No. 20-7233 for Meloxicam capsules 5 mg and 10 mg, sold under the proprietary name VIVLODEX®. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and, therefore, denies each and every remaining allegation contained in Paragraph 31.

32. Lupin admits that the electronic version of the FDA's "Approved Drug Products with Therapeutic Equivalence Evaluations" ("Orange Book") identifies the '734 patent in connection with NDA No. 20-7233. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 32 of the First Amended Complaint.

33. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the First Amended Complaint and, therefore, denies each and every allegation contained in Paragraph 33.

34. Lupin admits that, according to the face of the ’318 patent, the ’318 patent issued on May 16, 2017, names H. William Bosch as the inventor, and is titled “Formulation of Meloxicam.” Lupin admits that what purports to be a copy of the ’318 patent is attached to the First Amended Complaint as Exhibit B. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 34 of the First Amended Complaint.

35. Paragraph 35 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the records of the PTO identify “iCeutica Pty Ltd.” as the purported assignee of the ’318 patent. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 and, therefore, denies each and every remaining allegation contained in Paragraph 35.

36. Paragraph 36 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, therefore, denies each and every allegation contained in Paragraph 36.

37. Paragraph 37 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 and, therefore, denies each and every allegation contained in Paragraph 37.

38. Lupin admits that the electronic version of the FDA's Orange Book identifies the '318 patent in connection with NDA No. 20-7233. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 38 of the First Amended Complaint.

39. Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the First Amended Complaint and, therefore, denies each and every allegation contained in Paragraph 39.

40. Lupin admits that it became aware of the '734 patent no later than December 27, 2016, the date on which the '734 patent issued. Lupin admits that it became aware of the '318 patent no later than May 16, 2017, the date on which the '318 patent issued. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 40 of the First Amended Complaint.

41. Lupin admits that Lupin Limited sent a letter to Plaintiffs signed by Joseph Reisman on January 3, 2017 (letter dated December 27, 2016) and on January 9, 2017 (collectively, "First Paragraph IV Letter"). Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41 of the First Amended Complaint and, therefore, denies each and every remaining allegation contained in Paragraph 41.

42. Lupin admits that its First Paragraph IV Letter stated that Lupin Limited had submitted, and the FDA had received, an Abbreviated New Drug Application ("ANDA") under section 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), in order to obtain approval for Meloxicam capsules 5 mg and 10 mg ("ANDA Products"). Lupin admits that the ANDA Number for Lupin's application is 209487. Lupin is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of

Paragraph 42 of the First Amended Complaint, and, therefore, denies each and every remaining allegation contained in Paragraph 42.

43. Lupin admits that, as indicated on Form FDA 356h of ANDA No. 209487, an employee of LPI is designated as Lupin Limited's "Authorized U.S. Agent." Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 43 of the First Amended Complaint.

44. Lupin admits that its First Paragraph IV Letter stated that no valid, enforceable claim of the '734 patent would be infringed by the manufacture, importation, use, sale, or offer for sale of Lupin's ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 44 of the First Amended Complaint.

45. Lupin admits that attached to its First Paragraph IV Letter was a statement of the factual and legal bases for Lupin's opinion that the claims of the '734 patent are invalid, unenforceable, and/or would not be infringed by Lupin's ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 45 of the First Amended Complaint.

46. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 46 of the First Amended Complaint.

47. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 47 of the First Amended Complaint.

48. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 48 of the First Amended Complaint.

49. Lupin admits that its First Paragraph IV letter included an Offer of Confidential Access "OCA"), and if Plaintiffs would have agreed to the OCA, Lupin would have provided to Plaintiffs a portion of Lupin's ANDA No. 209487, redacted to remove information of no relevance to any issue of patent infringement. Lupin admits that in response to the OCA, Plaintiffs requested that Lupin provide the entire ANDA and allow two of their in-house scientists to view Lupin's ANDA. Lupin agreed to provide the entire ANDA but did not agree to in-house scientists viewing Lupin's confidential information. Lupin instead noted that under the OCA, third-party experts could review Lupin's ANDA. Plaintiffs refused Lupin's compromise position and did not sign the OCA. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 49 of the First Amended Complaint.

50. Paragraph 50 of the Complaint does not include factual allegations that require a response. To the extent a response is required, Lupin denies each and every allegation contained in Paragraph 50 of the First Amended Complaint.

51. Lupin admits that Lupin Limited sent a letter to Plaintiffs signed by Joseph Reisman on June 5, 2017 ("Second Paragraph IV Letter"). Lupin lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51 of the First Amended Complaint and, therefore, denies each and every remaining allegation contained in Paragraph 51.

52. Lupin admits that its Second Paragraph IV Letter stated that ANDA No. 209487 now includes a certification under section 505(j)(2)(A)(vii), Paragraph IV that no valid, enforceable claim of the ’318 patent would be infringed by the manufacture, importation, use, sale, or offer for sale of Lupin’s ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 52 of the First Amended Complaint.

53. Lupin admits that attached to its Second Paragraph IV Letter was a statement of the factual and legal bases for Lupin’s opinion that the claims of the ’318 patent are invalid, unenforceable, and/or would not be infringed by Lupin’s ANDA Products. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 53 of the First Amended Complaint.

54. Lupin admits that on May 2, 2017 it produced to Plaintiffs ANDA No. 209487 and amendments thereto. As of the date of this Answer, Lupin has produced all additional amendments to ANDA No. 209487 submitted to the FDA through June 5, 2017. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 54 of the First Amended Complaint.

55. Paragraph 55 of the First Amended Complaint does not include factual allegations that require a response. To the extent a response is required, Lupin denies each and every allegation contained in Paragraph 55 of the First Amended Complaint.

56. Lupin denies each and every allegation contained in Paragraph 56 of the First Amended Complaint.

## COUNT ONE

***Infringement of the ’734 Patent Under 35 U.S.C. § 271(e)(2) by Lupin’s Proposed Generic Meloxicam capsules 5 mg and 10 mg***

57. Lupin restates and incorporates by reference its responses to Paragraphs 1-56 of

this Answer as if fully set forth herein.

58. Lupin admits that Lupin Limited submitted ANDA No. 209487 to the FDA under section 505(j)(2)(B)(ii) of the FDCA seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Lupin denies that it has committed an act of infringement. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 58 of the First Amended Complaint.

59. Lupin admits that, as indicated on Form FDA 356h of ANDA No. 209487, an employee of LPI is designated as Lupin Limited's "Authorized U.S. Agent." Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 59 of the First Amended Complaint.

60. Lupin denies each and every allegation contained in Paragraph 60 of the First Amended Complaint.

61. Lupin denies each and every allegation contained in Paragraph 61 of the First Amended Complaint.

62. Lupin denies each and every allegation contained in Paragraph 62 of the First Amended Complaint.

63. Lupin denies each and every allegation contained in Paragraph 63 of the First Amended Complaint.

**COUNT TWO**
***Declaratory Judgment of Infringement of the '734 Patent Under 35 U.S.C. § 271(a) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

64. Lupin restates and incorporates by reference its responses to Paragraphs 1-63 of this Answer as if fully set forth herein.

65. Paragraph 65 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the First Amended Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

66. Lupin denies each and every allegation contained in Paragraph 66 of the First Amended Complaint.

67. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 67 of the First Amended Complaint.

68. Lupin denies each and every allegation contained in Paragraph 68 of the First Amended Complaint.

69. Lupin denies each and every allegation contained in Paragraph 69 of the First Amended Complaint.

70. Lupin denies each and every allegation contained in Paragraph 70 of the First Amended Complaint.

71. Lupin denies each and every allegation contained in Paragraph 71 of the First Amended Complaint.

72. Lupin denies each and every allegation contained in Paragraph 72 of the First Amended Complaint.

## COUNT THREE

***Declaratory Judgment of Infringement of the ’734 Patent Under 35 U.S.C. § 271(b) by Lupin’s Proposed Generic Meloxicam capsules 5 mg and 10 mg***

73. Lupin restates and incorporates by reference its responses to Paragraphs 1-72 of this Answer as if fully set forth herein.

74. Paragraph 74 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the First Amended Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

75. Lupin denies each and every allegation contained in Paragraph 75 of the First Amended Complaint.

76. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 76 of the First Amended Complaint.

77. Lupin denies each and every allegation contained in Paragraph 77 of the First Amended Complaint.

78. Lupin denies each and every allegation contained in Paragraph 78 of the First Amended Complaint.

79. Lupin denies each and every allegation contained in Paragraph 79 of the First Amended Complaint.

80. Lupin admits that it became aware of the ’734 patent no later than December 27, 2016, the date on which the ’734 patent issued. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 80 of the First Amended Complaint.

81. Lupin denies each and every allegation contained in Paragraph 81 of the First Amended Complaint.

82. Lupin denies each and every allegation contained in Paragraph 82 of the First Amended Complaint.

83. Lupin denies each and every allegation contained in Paragraph 83 of the First Amended Complaint.

84. Lupin denies each and every allegation contained in Paragraph 84 of the First Amended Complaint.

85. Lupin denies each and every allegation contained in Paragraph 85 of the First Amended Complaint.

## COUNT FOUR

***Infringement of the ’318 Patent Under 35 U.S. C. § 2719(e)(2) by Lupin’s Proposed Generic Meloxicam capsules 5 mg and 10 mg***

86. Lupin restates and incorporates by reference its responses to Paragraphs 1-85 of this Answer as if fully set forth herein.

87. Lupin admits that Lupin Limited submitted ANDA No. 209487 to the FDA under section 505(j)(2)(B)(ii) of the FDCA seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Lupin denies that it has committed an act of infringement. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 87 of the First Amended Complaint.

88. Lupin admits that, as indicated on Form FDA 356h of ANDA No. 209487, an employee of LPI is designated as Lupin Limited’s “Authorized U.S. Agent.” Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 88 of the First Amended Complaint.

89. Lupin denies each and every allegation contained in Paragraph 89 of the First Amended Complaint.

90. Lupin denies each and every allegation contained in Paragraph 90 of the First Amended Complaint.

91. Lupin denies each and every allegation contained in Paragraph 91 of the First Amended Complaint.

92. Lupin denies each and every allegation contained in Paragraph 92 of the First Amended Complaint.

**COUNT FIVE**

***Declaratory Judgment of Infringement of the '318 Patent Under 35 U.S.C. § 271(a) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

93. Lupin restates and incorporates by reference its responses to Paragraphs 1-92 of this Answer as if fully set forth herein.

94. Paragraph 94 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the First Amended Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

95. Lupin denies each and every allegation contained in Paragraph 95 of the First Amended Complaint.

96. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 96 of the First Amended Complaint.

97. Lupin denies each and every allegation contained in Paragraph 97 of the First Amended Complaint.

98. Lupin denies each and every allegation contained in Paragraph 98 of the First Amended Complaint.

99. Lupin denies each and every allegation contained in Paragraph 99 of the First Amended Complaint.

100. Lupin denies each and every allegation contained in Paragraph 100 of the First Amended Complaint.

101. Lupin denies each and every allegation contained in Paragraph 101 of the First Amended Complaint.

**COUNT SIX**

***Declaratory Judgment of Infringement of the '318 Patent Under 35 U.S.C. § 271(b) by Lupin's Proposed Generic Meloxicam capsules 5 mg and 10 mg***

102. Lupin restates and incorporates by reference its responses to Paragraphs 1-101 of this Answer as if fully set forth herein.

103. Paragraph 103 of the First Amended Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Lupin admits that the First Amended Complaint purports to state a declaratory judgment claim arising under 28 U.S.C. §§ 2201 and 2202.

104. Lupin denies each and every allegation contained in Paragraph 104 of the First Amended Complaint.

105. Lupin admits that Lupin Limited submitted ANDA No. 209487 seeking FDA approval to market 5 mg and 10 mg meloxicam capsules in the United States. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 105 of the First Amended Complaint.

106. Lupin denies each and every allegation contained in Paragraph 106 of the First Amended Complaint.

107. Lupin denies each and every allegation contained in Paragraph 107 of the First Amended Complaint.

108. Lupin denies each and every allegation contained in Paragraph 108 of the First Amended Complaint.

109. Lupin admits that it became aware of the ’318 patent no later than May 16, 2017, the date on which the ’318 patent issued. Except as expressly admitted, Lupin denies each and every remaining allegation contained in Paragraph 109 of the First Amended Complaint.

110. Lupin denies each and every allegation contained in Paragraph 110 of the First Amended Complaint.

111. Lupin denies each and every allegation contained in Paragraph 111 of the First Amended Complaint.

112. Lupin denies each and every allegation contained in Paragraph 112 of the First Amended Complaint.

113. Lupin denies each and every allegation contained in Paragraph 113 of the First Amended Complaint.

114. Lupin denies each and every allegation contained in Paragraph 114 of the First Amended Complaint.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF

Lupin denies all remaining allegations not specifically admitted herein. Lupin further denies that Plaintiffs are entitled to any judgement or relief requested in paragraphs A-I of the First Amended Complaint or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its responses to Paragraphs 1-114 of the First Amended Complaint, Lupin sets forth the following defenses. Lupin does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiffs bear the burden of proof. Lupin expressly reserves the right to allege additional defenses as they become known through the course of discovery.

## **FIRST DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiffs have failed to state a claim upon which relief may be granted because, *inter alia*, LPI has not committed an act of infringement as prescribed in 35 U.S.C. § 271(e)(2).

## **SECOND DEFENSE – LACK OF SUBJECT MATTER JURISDICTION**

This Court lacks subject matter jurisdiction over any and all claims asserted against LPI. This Court lacks subject matter jurisdiction over any and all claims asserted against Lupin under 35 U.S.C. § 271(a), (b) or (c).

## **THIRD DEFENSE – NON-INFRINGEMENT OF THE PATENTS-IN-SUIT**

Lupin does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, and/or enforceable claim of the Patents-in-Suit by the manufacture, use, sale, offer for sale, or importation of the meloxicam products that are the subject of Lupin's ANDA No. 209487.

## **FOURTH DEFENSE – INVALIDITY OF THE PATENTS-IN-SUIT**

One or more claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and in view of the defenses recognized in 35 U.S.C. § 282(b).

**FIFTH DEFENSE – IMPROPER PARTY**

Lupin Pharmaceuticals, Inc. is not a proper party to this action.

**SIXTH DEFENSE – FAILURE TO STATE AN EXCEPTIONAL CASE**

The Complaint fails to state a claim for exceptional case and/or willful infringement under 35 U.S.C. § 285 and/or 35 U.S.C. § 271(e)(4).

**SEVENTH DEFENSE – ADDITIONAL DEFENSES**

Lupin reserves the right to present any additional defenses and counterclaims that discovery may reveal.

**COUNTERCLAIMS**

Defendant/Counterclaimant Lupin Limited ("Lupin Ltd.") brings the following Counterclaims against Plaintiffs/Counterdefendants iCeutica Pty Ltd ("iCeutica") and Iroko Pharmaceuticals, LLC ("Iroko") (collectively, "Counterdefendants") for a declaratory judgment that United States Patent No. 9,526,734 ("the '734 patent") and 9,649,318 ("the '318 patent") (collectively, "the Patents-in-Suit") are invalid and/or not infringed by Lupin Ltd.'s meloxicam products that are the subject of Lupin Ltd.'s ANDA No. 209487 ("ANDA Products").

**PARTIES**

1. Lupin Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Kalpataru Inspire, 3rd Floor, Off. Western Express Highway, Santacruz (East), Mumbai, 400 055, India.

2. Counterdefendants have averred that Counterdefendant iCeutica Pty Ltd is a company organized and existing under the laws of Australia with a principal place of business at Unit 2, 32 Mumford Place, Balcatta Western Australia 6021.

3. Counterdefendants have averred that Counterdefendant Iroko Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at One Kew Place, 150 Rouse Boulevard, Philadelphia, PA, 19112.

4. Counterdefendants have averred that Counterdefendant iCeutica Pty Ltd is the assignee of the Patents-in-Suit and Counterdefendant Iroko Pharmaceuticals, LLC is an exclusive licensee to the Patents-in-Suit in the United States.

## JURISDICTION AND VENUE

5. Lupin Ltd. seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and 35 U.S.C. § 271(e)(2).

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b), and by Counterdefendants' choice of forum.

8. This is an action based upon an actual controversy between the parties concerning the invalidity and/or noninfringement of the Patents-in-Suit and Lupin Ltd.'s right to continue to seek approval of ANDA No. 209487, and upon approval by the FDA, to manufacture, import, use, market, sell, and offer to sell its ANDA Products in the United States.

9. Lupin Ltd. has been and presently is engaged in the submission of documents for FDA approval to engage in the commercial manufacture, importation, use, or sale of its ANDA Products. Counterdefendants have alleged that Lupin Ltd.'s ANDA Products infringe, will infringe, or will induce infringement of one or more claims of the Patents-in-Suit.

10. Counterdefendants have filed in this Court an infringement action to enforce the Patents-in-Suit.

11. Lupin Ltd. has denied that it has infringed, continues to infringe, or will infringe, induce infringement of, and/or contribute to the infringement of any valid and/or enforceable claim of the Patents-in-Suit.

12. Lupin Ltd. has further asserted that the Patents-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and in view of the defenses recognized in 35 U.S.C. § 282(b).

13. The Patents-in-Suit are listed in the FDA's electronic Orange Book with respect to VIVLODEX®.

14. Lupin Ltd.'s ANDA No. 209487 includes a certification under FDCA § 505(J)(2)(A)(vii), Paragraph IV, that no valid, enforceable claim of the Patents-in-Suit will be infringed by the manufacture, importation, use, sale, or offer for sale of Lupin Ltd.'s ANDA Products. On January 9, 2017, pursuant to § 505(j)(2)(B) of the FDCA, Lupin Ltd. notified Counterdefendants by letter ("First Paragraph IV Letter") that Lupin Ltd. filed ANDA No. 209487 with the FDA containing certifications pursuant to FDCA § 505(j)(2)(A)(vii)(IV) that the claims of the '734 patent are invalid and/or would not be infringed by Lupin Ltd.'s ANDA Products. On June 5, 2017, pursuant to § 505(j)(2)(B) of the FDCA, Lupin Ltd. notified Counterdefendants by letter ("Second Paragraph IV Letter") that Lupin Ltd. filed ANDA No. 209487 with the FDA containing certifications pursuant to FDCA § 505(j)(2)(A)(vii)(IV) that the claims of the '318 patent are invalid and/or would not be infringed by Lupin Ltd.'s ANDA Products.

15. In view of the foregoing, a conflict of asserted rights has arisen between Lupin Ltd. and Counterdefendants with respect to the noninfringement and invalidity of the relevant

claims of the Patents-in-Suit, and as to Lupin Ltd.'s right to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale, or sale of its ANDA Products. An actual controversy therefore exists between Counterdefendants and Lupin Ltd.

## FIRST COUNTERCLAIM
## DECLARATION OF NONINFRINGEMENT OF THE '734 PATENT

16. Lupin Ltd. realleges Paragraphs 1-15 as though fully set forth herein.

17. Lupin Ltd. does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and/or enforceable claim of the '734 patent.

18. The sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.'s ANDA Products will not constitute infringement (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), of any valid and/or enforceable claim of the '734 patent.

19. Lupin Ltd.'s ANDA Products will not infringe any claim of the '734 patent at least because Lupin Ltd.'s ANDA Products do not satisfy the claims of the '734 patent. Lupin incorporates by reference the arguments set forth in Lupin's Initial Disclosure of Non-Infringement Contentions, served on May 26, 2017, including all exhibits and appendices thereto.

20. Lupin Ltd. is entitled to a judicial determination that the sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.'s ANDA Products do not, and would not if marketed, infringe any valid and/or enforceable claim of the '734 patent.

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY OF THE '734 PATENT

21. Lupin Ltd. realleges Paragraphs 1-20 as though fully set forth herein.

22. The claims of the ’734 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, 112, and/or in view of the defenses recognized in 35 U.S.C. § 282(b). Lupin incorporates by reference the arguments set forth in Lupin’s Initial Disclosure of Invalidity Contentions, served on May 26, 2017, and Lupin’s Claim Charts/Invalidity Contentions, served on July 5, 2017, including all exhibits and appendices thereto.

23. The claims of the ’734 patent are invalid at least under 35 U.S.C. § 103 in view of the prior art, including but not limited to U.S. Patent Application Publication No. U.S. 2012/0141548 A1 to Dodd et al. (“Dodd”); International Publication No. WO 2005/002542 to Cooper et al. (“Cooper I”); Medication Guide for Non-Steroidal Anti-Inflammatory Drugs (Approved by the U.S. Food and Drug Administration August 2007) (“Medication Guide”); Rodriguez et al., Epidemiology, 12(5):570-576 (2001) (“Rodriguez”); Dokoumetzidis et al., Int’l J. of Pharm., 321:1-11 (2006) (“Dokoumetzidis”); International Publication No. WO 2008/000042 A1 to Meiser et al. (“Meiser”); Kesisoglou et al., Adv. Drug Del. Rev., 59:631-644 (2007) (“Kesisoglou”); Turck et al., Br. J. Rheumatol., 35(Suppl. 1):13-16 (1996) (“Turck II”); U.S. Patent Application No. 2010/0297252 to Cooper et al. (“Cooper II”); Ambrus et al., Int’l J. Pharmaceut. 381:153-159 (2009) (“Ambrus”); U.S. Patent Application Publication No. US 2012/0168335 to Burns et al. (“Burns”); International Publication No. WO 02/085331 to Ohki et al. (“Ohki”); Mobic® Tablets 7.5 mg and 15 mg and Mobic® Suspension 7.5 mg/15mL Package Insert (2005) (“Mobic Package Insert”); Mobic® Clinical Pharmacology and Biopharmaceutics Review (“Mobic Pharmacology Review”); Turck et al., Drug Res. 47(1):253-258 (1997) (“Turck III”); Yocum et al., Arch. Intern. Med. 160:2947-2954 (2000) (“Yocum”); and/or Atkinson et al., Pain Med. 14:S11-S17 (2013) (“Atkinson”).

24. Lupin Ltd. is entitled to a judicial declaration that the claims of the ’734 patent are invalid.

**THIRD COUNTERCLAIM**
**DECLARATION OF NONINFRINGEMENT OF THE ’318 PATENT**

25. Lupin Ltd. realleges Paragraphs 1-24 as though fully set forth herein.

26. Lupin Ltd. does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and/or enforceable claim of the ’318 patent.

27. The sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.’s ANDA Products will not constitute infringement (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), of any valid and/or enforceable claim of the ’318 patent.

28. Lupin Ltd.’s ANDA Products will not infringe any claim of the ’318 patent at least because Lupin Ltd.’s ANDA Products do not satisfy the claims of the ’318 patent. Lupin incorporates by reference the arguments set forth in Lupin’s Initial Disclosure of Non-Infringement Contentions, served on May 26, 2017, including all exhibits and appendices thereto.

29. Lupin Ltd. is entitled to a judicial determination that the sale, offer for sale, manufacture, importation, and/or use of Lupin Ltd.’s ANDA Products do not, and would not if marketed, infringe any valid and/or enforceable claim of the ’318 patent.

**FOURTH COUNTERCLAIM**
**DECLARATION OF INVALIDITY OF THE ’318 PATENT**

30. Lupin Ltd. realleges Paragraphs 1-29 as though fully set forth herein.

31. The claims of the ’318 patent are invalid for failure to satisfy one or more of the provisions set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, 112, and/or in view of the defenses recognized in 35 U.S.C. § 282(b). Lupin incorporates by reference the arguments set forth in Lupin’s Initial Disclosure of Invalidity Contentions, served on May 26, 2017, and Lupin’s Claim Charts/Invalidity Contentions, served on July 5, 2017, including all exhibits and appendices thereto.

32. The claims of the ’318 patent are invalid at least under 35 U.S.C. § 103 in view of the prior art, including but not limited to U.S. Patent Application Publication No. U.S. 2012/0141548 A1 to Dodd et al. (“Dodd”); International Publication No. WO 2005/002542 to Cooper et al. (“Cooper I”); Medication Guide for Non-Steroidal Anti-Inflammatory Drugs (Approved by the U.S. Food and Drug Administration August 2007) (“Medication Guide”); Rodriguez et al., Epidemiology, 12(5):570-576 (2001) (“Rodriguez”); Dokoumetzidis et al., Int’l J. of Pharm., 321:1-11 (2006) (“Dokoumetzidis”); International Publication No. WO 2008/000042 A1 to Meiser et al. (“Meiser”); Kesisoglou et al., Adv. Drug Del. Rev., 59:631-644 (2007) (“Kesisoglou”); Turck et al., Br. J. Rheumatol., 35(Suppl. 1):13-16 (1996) (“Turck II”); U.S. Patent Application No. 2010/0297252 to Cooper et al. (“Cooper II”); Ambrus et al., Int’l J. Pharmaceut. 381:153-159 (2009) (“Ambrus”); U.S. Patent Application Publication No. US 2012/0168335 to Burns et al. (“Burns”); International Publication No. WO 02/085331 to Ohki et al. (“Ohki”); Mobic® Tablets 7.5 mg and 15 mg and Mobic® Suspension 7.5 mg/15mL Package Insert (2005) (“Mobic Package Insert”); Mobic® Clinical Pharmacology and Biopharmaceutics Review (“Mobic Pharmacology Review”); Turck et al., Drug Res. 47(1):253-258 (1997) (“Turck III”); Yocum et al., Arch. Intern. Med. 160:2947-2954 (2000) (“Yocum”); and/or Atkinson et al., Pain Med. 14:S11-S17 (2013) (“Atkinson”).

33. Lupin Ltd. is entitled to a judicial declaration that the claims of the ’318 patent are invalid.

**DEMAND FOR JUDGMENT**

WHEREFORE, Lupin Ltd. prays for the following relief:

A. That all claims against Lupin be dismissed with prejudice and that all relief requested by Counterdefendants be denied;

B. That a judgment be entered declaring that Lupin Ltd. has not and does not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid, enforceable claim of U.S. Patent Nos. 9,526,734 and 9,649,318; that Lupin Ltd. has a lawful right to obtain FDA approval of ANDA No. 209487; and further that Lupin Ltd. has a lawful right to manufacture, import, use, sell, and/or offer to sell its ANDA Products in the United States once approved by the FDA;

C. That a judgment be entered declaring the claims of U.S. Patent Nos. 9,526,734 and 9,649,318 invalid and unenforceable;

D. That Counterdefendants and their agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice thereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against Lupin or any of its customers, dealers or suppliers, or any prospective or present sellers, dealers, distributors or customers of Lupin, or charging any of them either orally or in writing with infringement of U.S. Patent Nos. 9,526,734 and 9,649,318;

E. That a judgment be entered declaring that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Lupin Ltd. is therefore entitled to recover its reasonable attorneys' fees upon prevailing in this action;

F. That Lupin Ltd. be awarded costs, attorney's fees, and other relief, both legal and equitable, to which it may be justly entitled; and

G. That Lupin Ltd. be awarded such other and further relief as is just and proper.

Dated: July 21, 2017

Respectfully submitted,

/s/ ______________________________

Robert S. Brennen (Bar No. 04499)
Matthew T. Wagman (Bar No. 26399)
Alexander P. Creticos (Bar No. 30199)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202-1153
Tel: (410) 727-6464
Fax: (410) 385-3700
rbrennen@milesstockbridge.com
mwagman@milesstockbridge.com
acreticos@milesstockbridge.com

*Counsel for Defendants Lupin Limited and Lupin Pharmaceuticals, Inc.*

*Co-Counsel*

William R. Zimmerman (Admitted *pro hac vice*)
Catherine R. Gourash (Admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
Tel: (202) 640-6400
bill.zimmerman@knobbe.com
cassie.gourash@knobbe.com

Carol Pitzel Cruz (Admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
925 Fourth Avenue, Suite 2500
Seattle, WA 98104
Tel: (206) 405-2000
Carol.PitzelCruz@knobbe.com

Karen M. Cassidy (Admitted *pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Karen.Cassidy@knobbe.com

26192362